UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

KRIS GOUNDEN,

                 Plaintiff,

      - against -

CITY OF NEW YORK, POLICE OFFICER
JOHN DOE, JOSEPH ADDABBO, HELEN
MARSHALL, THOMAS CAMPAGNA,
CAPITAL LAND SERVICES, CARMEN
BRETSCHER, NYPD, FDNY, FIRE
OFFICER FRED DOE, POLICE OFFICER
SGT. WILDE, P.O. MCMANUS,
VOLUNTEER FIRE DEPARTMENT X,
VOLUNTEER X,

                 Defendants.
------------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

10 Civ. 3438 (BMC)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 2 8 2010
P.M.
TIME A.M.

      Before the Court is plaintiff's [32] letter objecting to Judge Azrack's rulings on his discovery requests. For the reasons stated below, this Court affirms the Order of the Magistrate Judge in its entirety.

      A district court may set aside a magistrate judge's order concerning non-dispositive matters, such as discovery orders, only if the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). An order is "clearly erroneous only when the reviewing court[, based] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." Deveer v. Gov't Employees Ins. Co., No. 07-CV-4437, 2008 WL 4443260, at *9 (E.D.N.Y. Sept. 26, 2008) (quoting Weiss v. La Suisse, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001) (internal quotation marks omitted)). An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." Id. (internal quotation marks omitted).

Plaintiff has objected to Judge Azrack's denial of his request for (1) all maps and maintenance documents for the period 1986 to 1996, and (2) to call a police department witness to testify at the preliminary injunction hearing to refute statements Mr. DiVerniero made in an affidavit. This Court finds Judge Azrack's decision to limit plaintiff's document request to only electronic records to be reasonable given the posture of this case, the age of the records, and the burden on defendants. Moreover, it was not "clearly erroneous" for Judge Azrack to deny plaintiff's request to call a witness to refute statements in Mr. DiVerniero's affidavit, as Mr. DiVerniero will be testifying at the preliminary injunction hearing and plaintiff may question him directly.

A copy of this Order will be mailed by Chambers to plaintiff *pro se.*

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       September 27, 2010